IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JAMES SMITH,**

      Petitioner,

v.                                              Case No. 2:15-cv-10749

**DISMAS CHARITIES, St. Albans, W. Va.,
and U.S. ATTORNEY GENERAL,**

      Respondents.

## AMENDED PROPOSED FINDINGS AND RECOMMENDATION[1]

Pending before the court are the petitioner's Letter for Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, on the form provided by the Clerk (ECF No. 5) (hereinafter "Form Petition"). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

---

1 **This Proposed Findings and Recommendation was originally filed on March 18, 2016 (ECF No. 12), along with an Order denying other motions pending in this matter (ECF No. 13). Although the undersigned indicated in a footnote (original footnote 2) that there had been a change in the petitioner's address, the Clerk's Office mistakenly mailed the court documents to the petitioner's old address. Consequently, on April 7, 2016, the mail was returned to the Clerk's Office as undeliverable. Accordingly, the undersigned is filing this Amended Proposed Findings and Recommendation and an accompanying Amended Order to be mailed to the plaintiff at <u>Covenant House, 600 Shrewsbury Street, Charleston, WV 25301</u>, which is the address given to the undersigned's staff by the Probation Office, and is allegedly where the petitioner can presently receive mail. The Clerk is directed to modify the docket sheet to reflect this new address. The objection period addressed at the conclusion of this document shall run from the filing of this Amended Proposed Findings and Recommendation.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The petitioner was convicted in this District Court of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On July 12, 2000, he was sentenced to serve 207 months in prison, followed by a five-year term of supervised release. (Case No. 5:99-cr-00161, Judgment, ECF No. 63).

On July 14, 2015, the Clerk's Office received and docketed the petitioner's Letter for Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). At the time he filed his Letter-Form Petition, the petitioner was incarcerated at the South Central Regional Jail ("SCRJ"), in Charleston, West Virginia, apparently after being removed from the Dismas Charities halfway house in St. Albans, West Virginia.[2]

The Letter-Form Petition indicates that the petitioner was "under the Bureau of Prisons" and was requesting that the respondents "show cause for placement in Regional Jail without due cause and thus violate my procedural and substantive due process rights." (*Id.* at 1). The Letter-Form Petition further states:

> I was put in regional jail on July 7th 2015 and denied all my property by Dismas when I signed any paperwork it was signed pursuant to U.C.C. 1-308 all rights reserved as it was forced upon me by the BOP as well as Dismas it was "coerced."

(*Id.*) On July 17, 2015, the Clerk sent a letter to the petitioner directing him to complete the standard forms used to file a habeas corpus petition under 28 U.S.C. § 2241 and an Application to Proceed Without Prepayment of Fees and Costs, and to file the same within 10 days. (ECF No. 3).

---

[2] Presumably, the petitioner had been placed at the halfway house to serve the last portion of his sentence prior to being released on supervised release.

By the time he filed his Form Petition on July 24, 2015, the petitioner had been moved to the Southern Regional Jail ("SRJ"). (ECF No. 5 at 1). On the Form Petition, which is made under penalty of perjury, the petitioner checked boxes stating he was challenging "How your sentence is being carried out, calculated or credited by prison or parole authorities (for example, revocation or calculation of good time credits). He also checked boxes for "Disciplinary proceedings" and "Other," with the explanation of "Dismas/Regional Jail seizing and/or destroying personal property." The Form Petition contains the following grounds for relief:

> **Ground One:** The BOP refused to respond to specific allegations whatsoever. See exhibit A inc.
>
> BOP guard Patrick falsified charges as retaliation on many occasions – he had no real proof of violations of BOP or federal codes, laws or rules whatsoever. That is persecution. He also stole personal paperwork no confiscation form as required.
>
> **Ground Two:** Dismas (halfway house) placed so called escape charges against me when there was no escape at all.
>
> I was on foot looking for a job. I was late and as I told them if I intended to escape would I have shown up? Also I do not know Charleston and some people would not let me call! Dismas took my cell phone to boot! Couldn't call.
>
> **Ground Three:** Dismas put me in Regional Jail and seized my personal property all I have in the world!
>
> On July 7th 2015, I was sent here by Dismas, all my worldly good remained at Dismas and the U.S. Marshals (Charleston) refused to transport my property with me inc. all records I need to complete my legal work, inc. legal paperwork for court.
>
> **Ground Four:** I am a federal prisoner. I'm being denied my rights and privileges by Regional Jail.
>
> Since being incarcerated in Regional Jail have been denied rights and privileges pursuant to the Americans with Disabilities Act as well as the

3

(ACA) [American Correctional Assn.]

(ECF No. 5 at 6-9). The petitioner requests the following relief in his Form Petition:

1. Return of all illegally seized property;

2. Return of all good time whatsoever;

3. Removal of all false records; and

4. Pecuniary and declaratory relief by all parties.

The petitioner also demands a jury trial. (*Id.* at 8).

On February 16, 2016, the petitioner provided a change of address, indicating that, at that time, he was living at the Crossroads Shelter in Charleston, West Virginia. (ECF No. 11). Accordingly, it appears that the petitioner is no longer in custody.[3]

## **ANALYSIS**

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Although the petitioner's Letter-Form Petition (ECF No. 1) was clearly styled as a petition for habeas corpus under section 2241, seeking release from allegedly illegal confinement, his Form Petition is convoluted and asserts other claims that are not cognizable in a habeas corpus proceeding.

Specifically, Ground One of the petition seeks to bring claims against the Federal Bureau of Prisons concerning alleged retaliation and other issues surrounding his conditions of confinement at USP Big Sandy, in Inez, Kentucky, where the petitioner was apparently incarcerated prior to his placement at the Dismas Charities halfway house.

---

3 From a review of the petitioner's criminal docket sheet, it appears that the petitioner is presently serving his three-year term of supervised release.

In Ground Three, the petitioner asserts a claim concerning the seizure of his personal property. Finally, in Ground Four, the petitioner appears to be asserting a claim concerning the conditions of his confinement during the time he was housed at the SCRJ and SRJ. As will be explained *infra*, the petitioner cannot pursue those claims in this habeas corpus proceeding, but might be able to pursue such claims in separate civil actions.

### A. The petitioner's claim for habeas corpus relief is moot.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

The petitioner's Letter-Form petition and Ground Two of the Form Petition, which asserts that the petitioner was improperly charged with escape,[4] are grounded in his alleged illegal placement at the SCRJ on July 7, 2015, and he has since been released from

---

[4] Although it is not stated in the petition documents, presumably, the escape charge is the reason that the petitioner was removed from the halfway house and placed into the SCRJ.

such custody with no apparent collateral consequences.[5] Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's request for habeas corpus relief as alleged in those grounds is now moot in light of his release from custody at the regional jails. To the extent that the petitioner's requests for relief in the Form Petition also include a request for the restoration of any good conduct time ("GCT"), that request also appears to be moot in light of the petitioner's release from custody. *Se, e.g., Kokoski v. Small,* Case No. 5:07-cv-0145, 2008 WL 3200811 (S.D. W. Va. Aug 5, 2008) ("the amount of GCT credited towards the petitioner's prior sentence has no effect on the time he will serve on supervised release, or on any term of imprisonment he could receive in the future, should his supervised release be revoked."). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's Letter-Form Petition and Ground Two of his Form Petition are moot and this court lacks subject matter jurisdiction to review the same.

### B.     The petitioner's other claims for relief.

Ground One of the petitioner's Form Petition addresses allegations concerning his conditions of confinement and retaliatory conduct by Bureau of Prisons' staff at USP Big Sandy in Inez, Kentucky.[6] Such claims are not cognizable in a section 2241 petition in

---

[5] Although the petitioner is presently serving a five-year term of supervised release, during which he is subject to certain court-ordered restrictions which, if violated, could result in the revocation of such release, any such potential revocation is not a collateral consequence of the petitioner's removal from the halfway house and placement at the SCRJ. Accordingly, the undersigned believes that there is no remaining case or controversy with respect to the challenged custody.

[6] Although the allegations in Ground One appear to address in some fashion disciplinary charges filed against the petitioner while at USP Big Sandy for which he apparently lost GCT, to the extent that such a claim can be construed to as a cognizable challenge to the execution of his sentence, that claim is also mooted by his release from custody to serve his term of supervised release.

this court.  Following exhaustion of any available administrative remedies, pursuant to 42 U.S.C. § 1997e(a),[7] Mr. Smith might be able to pursue such a claim in a separate civil rights action filed in the appropriate federal or state court in Kentucky.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Ground One of the petitioner's section 2241 petition is not cognizable under 28 U.S.C. § 2241 and otherwise fails to state a claim upon which relief can be granted by this court.

Ground Three of the Form Petition asserts that Dismas Charities seized the petitioner's personal property when he was removed from the halfway house.  This claim is also not cognizable in a habeas corpus proceeding under 28 U.S.C. § 2241.  *See Benoit v. Cain*, Civil Action No. 6:09-2094, 2010 WL 897247, *1 (W.D. La. Mar. 9, 2010); *Ameziane v. Obama,* 58 F. Supp. 3d 99, 102 (D.D.C. 2014) ("A legal challenge to the government's confiscation and continued possession of petitioner's personal property is not a 'proper claim for habeas relief.'  While a habeas petition is a vehicle capable of challenging the basis of a governmental restriction on a person's liberty' it is 'not capable of addressing private property rights.'"); *Buchanan v. Johnson*, 723 F. Supp. 2d 727, 732 (D. Del. 2010) ("As an initial matter, to the extent claim three seeks the return of any seized property in connection with petitioner's arrest, petitioner has failed to assert an issue cognizable on federal habeas review."); *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (holding that Nigerian national's allegation that immigration officials stole his personal property was not cognizable in § 2241 habeas proceeding).

---

7  Mr. Smith has attached various documents to his Form Petition (ECF No. 5) which appear to be BOP administrative remedy documents related to this claim.  However, because this court lacks jurisdiction to address this claim, the undersigned has not undertaken a review of the administrative remedy documents and declines to propose any ruling concerning the exhaustion of such remedies.

Likewise, the petitioner's claims concerning the alleged denial of his rights under the Americans with Disabilities Act or any such rights and privileges that may be established by the American Correctional Association, as alleged in Ground Four of his petition, are not cognizable in a section 2241 proceeding. To the extent that Mr. Smith may presently wish to pursue any remedies for such conduct, he may do so, only after exhausting any available administrative remedies, and by filing a separate Complaint in this district court or in the appropriate state court.[8] For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Grounds Three and Four of the Form Petition are not cognizable in a section 2241 habeas corpus proceeding and, thus, are not proper for adjudication in the instant civil action.

The petitioner's Form Petition (ECF No. 5) also contains requests for relief in the form of the removal of "all false records;" a claim that is actionable, if at all, under the Privacy Act of 1974, 28 U.S.C. § 552(a), and not via a federal habeas corpus proceeding. Additionally, the petitioner makes a demand for unspecified pecuniary and declaratory relief and a jury trial, none of which is available in federal habeas corpus proceedings.[9] Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Form Petition fails to state any claim upon which relief can be granted by this court.

---

[8] The undersigned notes that Mr. Smith is subject to a pre-filing injunction that was entered by the presiding District Judge on June 2, 2009, which enjoins Mr. Smith from filing any actions without (a) the representation of an attorney; (b) leave of the court (after demonstrating that he is in imminent danger of serious physical injury); or (c) payment in full of the required filing fee(s). *See Smith v. Hayden*, Case No. 5:05-cv-00884, 2009 WL 1543910 (S.D. W. Va. June 2, 2009). Indeed, since Mr. Smith has attempted to proceed *in forma pauperis* in this action, the pre-filing injunction could be applied in this case and Mr. Smith would certainly be subject to these restrictions should he elect to file any additional civil actions in this court.

[9] Mr. Smith may be able to pursue such relief in association with any other civil actions he may file as addressed herein.

## **RECOMMENDATIONS**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Letter-Form Petition for Writ of Habeas Corpus (ECF No. 1) and Ground Two of his Form Petition for Writ of Habeas Corpus (ECF No. 5). It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** Grounds One, Three and Four of the Form Petition for failure to state a claim upon which relief can be granted in the instant proceeding. It is further respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Amended Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Amended Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Amended Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Amended Proposed Findings and Recommendation and to mail a copy to the petitioner.

April 8, 2016

Dwane L. Tinsley
United States Magistrate Judge